1  Nigel Burns, Esq., SBN: 202576
   The Law Offices of Nigel Burns
2  660 Newport Center Drive, Suite 340
   Newport Beach, California 92660
3  Telephone: (949) 718-0967
   Facsimile: (949) 718-0937
4

5

6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
                            SACRAMENTO DIVISION
11

12

13  JEWELRY 47, INC.,                  )  Case No.:
                                       )
14           Plaintiff,                )  COMPLAINT FOR DAMAGES AND
                                       )  DEMAND FOR JURY TRIAL
15       vs.                           )
                                       )
16  LARRY BIEGLER, DIONE TILLMAN and   )
    ELOHIM FINANCIAL, INC.,            )
17                                     )
                                       )
18           Defendants.               )
                                       )
19  _____)

20
         Plaintiff, by and through his attorney, NIGEL BURNS, alleges as and for its complaint,
21
    as follows.
22

23
                            **JURISDICTION AND VENUE**
24

25
         1.      Jurisdiction is invoked pursuant to 18 U.S.C. 1332 (1), by reason of the diversity
26
    of citizenship of the parties, in that plaintiff is a citizen of the State of New York and defendants
27
    are citizens of the State of California.
28

---

2.     Venue is properly laid in the Eastern District of California by reason of the residence of defendant LARRY BIEGLER.

## **COUNT ONE**

(Breach of contract against defendant BIEGLER)

3.     That at all times hereinafter mentioned, plaintiff JEWELRY 47, INC. was and still is a corporation organized under the laws of the State of New York and is engaged in business within the State of New York.

4.     That upon information and belief, at all times hereinafter mentioned, defendant LARRY BIEGLER was and still is a resident of the State of California and is collaterally estopped from denying such residence, by reason of the order of United States District Court for the Southern District of New York, dismissing the action without prejudice, on motion and representation of defendant BIEGLER, that he is a resident of the State of California.

5.     That at all times hereinafter mentioned, defendant BIEGLER was and still is the owner of the World's largest emerald conglomerate, discovered in the year 2001, which is over 840 pounds and 180,000 carats and known as the "Bahia Emerald."

6.     That on the 30th day of May, 2007, plaintiff did enter into an agreement with defendant and Jeff Downey, its agents and assigns, for promotion, publicizing, advertising and selling the aforesaid "Bahia Emerald" in consideration for compensation of ten percent of the selling price thereof, a copy of which is annexed.

7.     That thereafter, defendant JEFF DOWNEY did assign to plaintiff all of his right, title and interest in his share of the commission for the sale of said Bahia Emerald.

8.     That thereafter, plaintiff, in furtherance of its agreement, did promote, publicize and advertise the sale of the Bahia Emerald, *inter alia,* including setting up promotional material over E-Bay.

9.     That on or about the 11th day of September, 2007, defendants TILLMAN and ELOHIM did respond to the advertisement of plaintiff over E-Bay and did offer plaintiff to purchase the "Bahia Emerald" for the sum of nineteen million (19,000,000.00), the reasonable value of the "Bahia Emerald."

10.     That thereafter defendant BIEGLER did violate the terms of his agreement with plaintiff, by declining to sell the Bahia Emerald to TILLMAN and ELOHIM and by inducing them to withdraw their offer to purchase the Bahia Emerald from plaintiff, by falsely telling defendants TILLMAN and ELOHIM, that plaintiff had no authority to sell the "Bahia Emerald.", and did induce defendants TILLMAN and ELOHIM to form a conglomeration of investors to purchase the Bahia Emerald for the sum of seventy five million ($75,000,000), in violation of the agreement to sell the jewel between plaintiff and defendants Biegler.

11.     That as a result of the premises, defendant BIEGLER has violated the terms of his agreement with defendants, causing plaintiff to suffer one million dollars nine hundred thousand dollars damages that plaintiff would have earned on a sale of the BAHIA EMERALD to TILLMAN and ELOHIM.

## **COUNT TWO**

(Fraud in the inducement to enter contract)

12.    Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs. 3, 4, 5 and 7 of plaintiff's first cause of action with the same force and effect as if fully set forth herein.

13.    That on or about the 30th day of May, 2007, defendant BIEGLER his agents and employees, did represent to plaintiff, that he was the owner of the BAHIA EMERALD and that if plaintiff would promote the sale and effect the sale of said BEHIA EMERALD for defendant BIEGLER, defendant would pay to plaintiff and to one Jeff Downey, ten percent of the selling price of said BEHIA EMERALD knowing full well that his representation were false, with intent that plaintiff act upon said representations, by producing a buyer ready, willing and able to purchase the BAHIA EMERALD.

14.    That said representation by defendant BIEGLER was false and known by him to be false, in that said BIEGLER was guilty of scienter and had no intent to pay the ten percent commission to which he promised and upon information and belief, the said BIEGLER had intent to claim that the BEHIA EMERALD was in the name of a corporate or other entity owned by him, to fraudulently avoid payment of said commission.

15.    That pursuant to the terms of the agreement between the parties, plaintiff did produce defendant TILLMAN and ELOHIM FINANCIAL, INC., a corporation that upon information and belief was owned by defendant TILLMAN, ready willing and able to purchase

1 the said BEHIA EMERALD for the sum of nineteen million ($19,000,000) dollars.

2

3   16. That pursuant to the fraud perpetrated by defendant BIEGLER, defendant

4 BIEGLER did represent to defendants TITLLMAN AND ELOHIM FINANCIAL, INC. that

5 plaintiff did not have authority to sell the BEHIA EMERALD and that defendant BIEGLER

6

7 would engage in a joint venture with defendants TILLMAN and ELOHIM FINANCIAL, INC. to

8 develop a joint venture of investors that would purchase said BEHIA EMERALD for the sum of

9 seventy five million dollars.

10

11   17. That as a result of the premises, plaintiff has been damaged in the sum of seven

12 million five hundred thousand ($7,500, 000) dollars, to which he would be entitled as

13 commission on a sale of seventy five million ($75,000,000) dollars, entitling plaintiff to punitive

14 damages in the sum of fifteen million ($15,000, 000) damages.

15

16           **COUNT THREE**

17

18      (Willful interference with contractual relations)

19

20   18. Plaintiff repeats, reiterates and realleges each and every allegation asset forth in

21 paragraphs 3, 4 and 5 of plaintiff's first cause of action and paragraphs 14 and 15 of plaintiff's

22 second cause of action, with the same force and effect as if fully set forth herein.

23

24   19. That thereafter, defendants TILLMAN and ELOHIM FINANCIAL, INC. did

25 wrongfully and intentionally inflict economic harm upon plaintiff, by inducing defendant

26 BIEGLER not to go through with the sale of the BAHIA EMERALD to plaintiff, in order to

27

28 deprive plaintiff of his property interest in the sale, all to plaintiff's damage in the sum of one

1  million nine hundred thousand dollars.

## **COUNT FOUR**

(Injunction Against the sale of the Eahia Emerald, without Consent of plaintiff)

20.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the first and second causes of action of the complaint, with the same force and effect, as if fully set forth herein.

21.    That the BAHIA EMERALD is a unique and one of a kind jewel,without any duplicates thereof, being the largest emerald ever discovered.

22.    That unless plaintiff is given a permanent injunction, prohibiting defendant BIEGLER from selling the BAHIA EMERALD, without the consent of plaintiff, plaintiff will suffer irreparable harm for which he has no adequate remedy at law.

## **PRAYERS FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this Court:

1.    Enter a judgment against defendant BIEGLER in the sum of one million nine hundred thousand dollars, compensatory damages, on the first cause of action, against defendant BIEGLER in the sum of seven million five hundred thousand dollars compensatory damages and fifteen million dollars punitive damages, against defendants TILLMAN and ELOHIM FINANCIAL, INC., in the sum of one million nine hundred thousand dollars, on the third cause of action, and for a permanent injunction  against defendant BIEGLER prohibiting defendant

1  BIEGLER from selling the BAHIA EMERALD, without the consent of plaintiff, together with

2  interest on any money judgment, costs and disbursements and for such other and further relief as

3  to this Court may be deemed just and proper.

4

5                          **DEMAND FOR JURY TRIAL**

6

7          Pursuant to 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

8  trial by jury on all issues triable as right of jury.

9

10

11  Dated: January 24, 2008                          The Law Offices of Nigel Burns

12

13

14                                                   By:_____

15                                                   Nigel Burns, Esq.
                                                     Attorney for Plaintiff,
16                                                   Jewelry 47, Inc.

17

18

19

20

21

22

23

24

25

26

27

28