UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEWELRY 47, INC.,                              No. 2:08-cv-00174-MCE-KJM

      Plaintiff,

  v.                                           <u>MEMORANDUM AND ORDER</u>

LARRY BIEGLER, DIONE TILLMAN
and ELOHIM FINANCIAL, INC.,

      Defendant.

----oo0oo----

     Plaintiff seeks monetary and injunctive relief against Defendant Larry Biegler ("Defendant Biegler") for breach of contract and fraud in the inducement to enter contract, and against Defendants Dione Tillman and Elohim Financial ("Defendants Tillman & Elohim") for willful interference with contractual relations.  Further, Plaintiff seeks a permanent injunction preventing Defendant Biegler from selling the Bahia Emerald ("Emerald").

///

///

1

Defendants Tillman & Elohim now move to dismiss the Third Cause of Action, for willful interference with contractual relations, and the Fourth Cause of Action, for a permanent injunction, pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] on grounds that Plaintiff fails to state a claim on which relief can be granted.  Defendant Biegler joins in this motion.  For the reasons stated below, the Motion to Dismiss is GRANTED with leave to amend.[2]

## BACKGROUND[3]

On January 24, 2008, Plaintiff filed his Complaint for Damages and Demand for Jury Trial in this Court based on diversity jurisdiction.  Plaintiff alleges four causes of action in his Complaint: (1) breach of contract against Defendant Biegler; (2) fraud in the inducement to enter contract against Defendant Biegler; (3) Willful interference with contractual relations against Defendants Tillman & Elohim; and (4) injunction against the sale of the Emerald by Defendant Biegler without Plaintiff's consent.

///
///

---

[1] Unless otherwise stated, all further references to a Rule are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

1        Defendant Biegler, during all times pertinent to the case at
2   hand, was and is the owner of the "World's largest emerald
3   conglomerate ... which is over 840 pounds and 180,000 carats, and
4   known as the 'Bahia Emerald.'"  On May 30, 2007, Plaintiff and
5   Defendant Biegler allegedly entered into an agreement, stating
6   that Plaintiff would promote and sell the Emerald in
7   consideration of a ten percent commission on the sale.
8   Thereafter, Plaintiff promoted and advertised the Emerald,
9   including offering it for sale through E-Bay.  On or about
10  September 11, 2007, Defendants Tillman & Elohim allegedly
11  responded to Plaintiff's E-Bay advertisement with an offer to
12  purchase the Emerald for nineteen million dollars ($19,000,000).
13       Following Defendants Tillman & Elohim's alleged offer,
14  Defendant Biegler violated his contract with Plaintiff by
15  declining to sell the Emerald to Defendants Tillman & Elohim and
16  thereafter inducing Defendants Tillman & Elohim to withdraw their
17  offer to Plaintiff "by falsely telling defendants Tillman and
18  Elohim that plaintiff had no authority" to sell the Emerald.
19  Defendant Biegler further induced Defendants Tillman & Elohim to
20  "form a conglomeration of investors to purchase the Bahia Emerald
21  for the sum of seventy five million dollars ($75,000,000)."
22       Plaintiff further alleged that Defendants Tillman & Elohim
23  "wrongfully and intentionally inflict[ed] economic harm upon
24  plaintiff, by inducing defendant Biegler not to go through with
25  the sale of the Bahia Emerald to plaintiff, in order to deprive
26  plaintiff of his property interest in the sale."
27  ///
28  ///

Plaintiff alleged compensatory damage claims of one million nine hundred thousand dollars ($1,900,000) and seven million five hundred thousand dollars ($7,500,000), and a punitive damage claim of fifteen million dollars ($15,000,000). The Complaint alleges claims against Defendants Tillman & Elohim for one million nine hundred thousand dollars ($1,900,000) and seeks a permanent injunction prohibiting Defendant Biegler from selling the Emerald.

On April 11, 2008, Defendants Tillman & Elohim filed this Motion to Dismiss. Defendants Tillman & Elohim challenge the Third Cause of Action in its entirety arguing that Plaintiff failed to state a claim for willful interference with contractual relations. Defendants Tillman & Elohim further challenge the Fourth Cause of Action in its entirety arguing that Plaintiff failed to state a claim for a permanent injunction. Defendants Tillman & Elohim also dispute the existence of a contract between Plaintiff and Defendant Biegler and their alleged offer to purchase the Emerald from Plaintiff. Defendant Biegler joins in this Motion.

**STANDARD**

**1. Motion to Dismiss - 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short
2  and plain statement of the claim showing that the pleader is
3  entitled to relief," in order to "give the defendant fair notice
4  of what the ... claim is and the grounds upon which it rests."
5  Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80
6  (1957).  While a complaint attacked by a Rule 12(b)(6) motion to
7  dismiss does not need detailed factual allegations, a plaintiff's
8  obligation to provide the "grounds" of his "entitlement to
9  relief" requires more than labels and conclusions, and a
10 formulaic recitation of the elements of a cause of action will
11 not do.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65
12 (2007) (internal citations and quotations omitted).  Factual
13 allegations must be enough to raise a right to relief above the
14 speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller,
15 Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)
16 ("The pleading must contain something more ... than ... a
17 statement of facts that merely creates a suspicion [of] a legally
18 cognizable right of action").

19     If the court grants a motion to dismiss a complaint, it must
20 then decide whether to grant leave to amend.  The court should
21 "freely give" leave to amend when there is no "undue delay, bad
22 faith[,] dilatory motive on the part of the movant... undue
23 prejudice to the opposing party by virtue of ... the amendment,
24 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
25 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
26 only denied when it is clear that the deficiencies of the
27 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
28 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

5

**ANALYSIS**

**1.   Willful Interference with Contractual Relations**

Defendants Tillman & Elohim challenge Plaintiff's Third Cause of Action, which alleges willful interference with contractual relations, pursuant to Rule 12(b)(6) on grounds that Plaintiff fails to state a claim on which relief can be granted. The parties do not dispute that California law governs Plaintiff's claims. Under California law, Plaintiff's claim for willful interference with contractual relations requires the following allegations: (1) the existence of a valid contract between Plaintiff and Defendant Biegler; (2) that Defendants Tillman & Elohim's knowledge of the contract's existence; (3) that Defendants Tillman & Elohim intentionally engaged in acts or conduct intended to disrupt the contractual relationship; (4) the actual disruption of the relationship or breach of the contract; and (5) that Plaintiff suffered damages as a result. Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp., --- F.3d ---, 2008 WL 1959494, at *2 (9th Cir. 2008); Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990).

The California Supreme Court addressed whether allegations are sufficient to state a cause of action for willful or intentional interference with contractual relations in Quelimane Co. v. Stewart Title. 19 Cal. 4th 26 (1998). The Court stated that intentional interference with the performance of a contract requires no allegations of independent wrongful purpose other than contract disruption. Id. at 56.

1  Contracts, with their exchange of promises, are specially
2  protected under the law, and thus "[i]ntentionally inducing or
3  causing a breach of an existing contract is therefore a wrong in
4  and of itself." Id. at 55-56.  It is enough that defendant "knows
5  that the interference is certain or substantially certain to
6  occur as a result of his action." Id. at 56.  In Quelimane, the
7  court held the plaintiff's allegation of intentional interference
8  with contractual relations sufficient because the plaintiff
9  alleged that the defendant refused to issue a title insurance
10 policy to the third party purchaser of the plaintiff's land
11 without commencement by purchaser of a quiet title action, which
12 resulted in the purchaser's default. Id. at 56-57.  Further, the
13 defendant's knowledge and disruption of the contract were both
14 alleged impliedly from the same allegation. Id.  The court noted
15 that if the "factual allegations of the complaint are adequate to
16 state a cause of action" the complaint will survive against a
17 motion to dismiss. Id. at 38 (citing Barquis v. Merchants
18 Collection Ass'n. 7 Cal. 3d 94, 103 (1972)) (emphasis in
19 original).
20     In the instant case, even if all of Plaintiff's factual
21 allegations are taken as true and construed in the light most
22 favorable to Plaintiff, Plaintiff has failed to establish
23 essential elements of the cause of action for willful
24 interference with contractual relations.
25 ///
26 ///
27 ///
28 ///

7

1  Plaintiff's sole allegation regarding Defendants Tillman &
2  Elohim's willful interference with the contract stated that
3  Defendants Tillman & Elohim "did wrongfully and intentionally
4  inflict economic harm upon plaintiff, by inducing defendant
5  Biegler not to go through with the sale of the Bahia Emerald to
6  plaintiff, in order to deprive plaintiff of his property interest
7  in the sale." (Compl. ¶ 19.)  This allegation conflicts with
8  another allegation in Plaintiff's Complaint, which states that
9  Defendant Biegler induced Defendants Tillman & Elohim "to
10 withdraw their offer ... by falsely telling defendants Tillman
11 and Elohim that plaintiff had no authority to sell the 'Bahia
12 Emerald.', [sic] and did induce defendants Tillman and Elohim to
13 form a conglomeration of investors to purchase the Bahia Emerald
14 for the sum of seventy five million ($75,000,000), in violation
15 of the agreement to sell the jewel between plaintiff and
16 defendants [sic] Biegler." (Compl. ¶¶ 10, 16.)  Thus, Plaintiff
17 alleges both that Defendant Biegler induced Defendants Tillman &
18 Elohim not to buy the Emerald from Plaintiff, and that Defendants
19 Tillman & Elohim induced Defendant Biegler not to sell the
20 Emerald to Plaintiff.  These allegations are not only
21 conflicting, they are also conclusory, and as such fail to
22 satisfy Plaintiff's pleading obligation to provide the "grounds"
23 of his "entitlement to relief."  Twombly, 127 S. Ct. at 1964-65.
24 ///
25 ///
26 ///
27 ///
28 ///

    Further, Plaintiff has failed to meet his pleading obligation regarding Defendants Tillman & Elohim's knowledge of the contract.  While Plaintiff alleged that Defendants Tillman & Elohim responded to Plaintiff's E-Bay advertisement of the Emerald, it further alleged that Defendant Biegler told Defendants Tillman & Elohim that Plaintiff lacked authority to sell the Emerald. (Compl. ¶¶ 9-10, 16.)  The initial allegation may have shown that Defendants Tillman & Elohim were aware of Plaintiff's authority to sell the Emerald, justifying a reasonable inference that Plaintiff held contractual rights and obligations with the true owner of the Emerald.  However, the later allegation more likely shows that any reasonable inference of Plaintiff's contract rights by Defendants Tillman & Elohim was undone by Defendant Biegler's allegedly false statement.  Therefore, Plaintiff's allegations of Defendants Tillman & Elohim's knowledge of the contract are insufficient to support a cause of action for willful interference with contractual relations.

    Because Plaintiff has failed to properly plead essential elements of the cause of action of willful interference with contractual relations, he has failed to state a claim upon which relief may be granted.  Accordingly, the Motion to Dismiss Plaintiff's Third Cause of Action is GRANTED with leave to amend.

///
///
///
///
///

### 2. **Permanent Injunction**

Defendants Tillman & Elohim challenge Plaintiff's Fourth Cause of Action, which seeks a permanent injunction preventing Defendant Biegler from selling the Emerald without Plaintiff's consent.  In ruling on a request for injunctive relief, the trial court considers the irreparable injury to the moving party and the inadequacy of legal remedies for such injury.  See Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S. Ct. 1798, 1803, 72 L. Ed. 2d 91 (1982).  In his Complaint, Plaintiff alleged that the Emerald is unique, and thus Plaintiff will suffer irreparable harm if Defendant Biegler is allowed to sell the Emerald without Plaintiff's consent.  (Compl. ¶¶ 21-22.)  However, courts "may decline to give relief by injunction if the plaintiff would be adequately compensated by money damages."  Alabama Public Service Comm'n v. Southern Ry. Co., 341 U.S. 341, 360, 71 S.Ct. 762, 773 (1951).

In the instant case, Plaintiff's allegations of irreparable injury are insufficient to withstand a Rule 12(b)(6) Motion to Dismiss, as Plaintiff's injuries are only monetary.  Plaintiff claims money damages in the form of a compensatory commission or a punitive award in the first three causes of action. (Compl. ¶¶ 9-10, 17, 19.)  Further, Plaintiff's interest in the Emerald is best described in monetary terms, as the alleged contract set Plaintiff's compensation at ten percent commission from the sale of the Emerald.  (Compl. ¶ 6.)  Thus, Plaintiff had only the right to facilitate the sale of the Emerald and receive a commission.

Plaintiff never had any proprietary right in the Emerald itself. Allegations of uniqueness alone, without a further showing that monetary damages would be insufficient, are simply inadequate to show irreparable injury.  Jessen v. Keystone Sav. & Loan Ass'n, 142 Cal. App. 3d 454, 457, 191 Cal. Rptr. 104, 107 (Cal. Ct. App. 1983).

Because Plaintiff has failed to plead irreparable injury, he has failed to state a claim on which relief may be granted. Accordingly the Motion to Dismiss Plaintiff's Fourth Cause of Action is GRANTED with leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Third and Fourth Causes of Action is GRANTED with leave to amend under Rule 12(b)(6).  Plaintiff is directed to file an Amended Complaint, should he choose to do so, not later than twenty (20) days following the date of this order.

IT IS SO ORDERED.

Dated: June 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE