1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10  JEWELRY 47, INC.,                     No. 2:08-cv-00174-MCE-KJM

11          Plaintiff,

12     v.                                 <u>MEMORANDUM AND ORDER</u>

13  LARRY BIEGLER, DIONE TILLMAN
    and ELOHIM FINANCIAL, INC.,
14
            Defendant.
15

16                         ----oo0oo----

17      Through the present action, Plaintiff Jewelry 47, Inc.

18  ("Plaintiff") seeks monetary relief against Defendant Larry

19  Biegler ("Defendant Biegler") for breach of contract and for

20  fraud in the inducement to enter contract, and against Defendants

21  Dione Tillman and Elohim Financial ("Defendants Tillman &

22  Elohim") for willful interference with contractual relations.

23      Defendants Tillman & Elohim now move to dismiss the Third

24  Cause of Action, for willful interference with contractual

25  relations, pursuant to Fed. R. Civ. P. 12(b)(6)[1] on grounds that

26  Plaintiff fails to state a claim on which relief can be granted.

27  _____

28      [1] Unless otherwise stated, all further references to a Rule
    are to the Federal Rules of Civil Procedure.

1  Defendants Tillman & Elohim also move to strike the permanent

2  injunction allegations in the prayer for relief pursuant to Rule

3  12(f).   Defendant Biegler joins in both motions. Plaintiff does

4  not oppose Defendant's Motion to Strike.  For reasons stated

5  below, Defendant's Motion to Dismiss is GRANTED.[2]

6

7                          **BACKGROUND**[3]

8

9      Defendant Biegler, during all times pertinent to the case at

10 hand, was and is the owner of the "(w)orld's largest emerald

11 conglomerate...which is over 840 pounds and 180,000 carats, and

12 known as the 'Bahia Emerald'" ("Emerald").  On May 30, 2007,

13 Plaintiff and Defendant Biegler allegedly entered into an

14 agreement, stating that Plaintiff would promote and sell the

15 Emerald in consideration of a ten percent commission on the sale.

16 Thereafter, Plaintiff claims it promoted and advertised the

17 Emerald, including setting up promotional material over E-Bay.

18 On or about September 11, 2007, Defendants Tillman & Elohim

19 allegedly responded to Plaintiff's E-Bay advertisement with an

20 offer to purchase the Emerald for nineteen million dollars

21 ($19,000,000).

22 ///

23 ///

24

25     [2] Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
26 Local Rule 78-230(h).

27     [3] The factual assertions in this section are based on the
   allegations in Plaintiff's First Amended Complaint unless
28 otherwise specified.

1    Following Defendants Tillman & Elohim's alleged offer,

2 Defendant Biegler purportedly violated his contract with

3 Plaintiff by declining to sell the Emerald to Defendants Tillman

4 & Elohim and thereafter inducing Defendants Tillman & Elohim to

5 withdraw their offer to Plaintiff "by falsely telling

6 [D]efendants Tillman & Elohim that [P]laintiff had no authority"

7 to sell the Emerald.  Defendant Biegler further is alleged to

8 have induced Defendants Tillman & Elohim to "form a

9 conglomeration of investors to purchase the Bahia Emerald for the

10 sum of seventy five million dollars ($75,000,000)."

11    Plaintiff also alleges that Defendants Tillman & Elohim

12 (1) "[knew] full well and had reason to know that [P]laintiff

13 entered into an agreement with [Defendant Biegler][4], for

14 [Plaintiff] to sell and market the 'Bahia Emerald'..." (Am.

15 Compl. ¶ 19:24-25.); (2) that Defendants Tillman & Elohim learned

16 of the existence of the Emerald "solely and wholly from

17 advertisements placed on the internet by [Plaintiff]" (Am. Compl.

18 ¶ 20:1-2.); and, (3) that Defendants Tillman & Elohim "wrongfully

19 and intentionally inflict[ed] economic harm upon [P]laintiff, by

20 inducing [D]efendant Biegler not to go through with the sale of

21 the Bahia Emerald to [P]laintiff, in order to deprive [P]laintiff

22 of his property interest in the sale." (Am. Compl. ¶ 21:3-7.)

23 ///

24 ///

25

26    [4] While Plaintiff's Amended Complaint states that Defendants
Tillman & Elohim knew that "plaintiff had entered into an
27 agreement with defendant Jewelry 47, Inc.," it appears Plaintiff
was referring to the alleged contract between Plaintiff and
28 Defendant Biegler. (See Am. Compl. ¶ 19.)

3

1    On January 24, 2008, Plaintiff filed his initial Complaint

2  for Damages and Demand for Jury Trial in this Court based on

3  diversity jurisdiction.  Defendants filed a Motion to Dismiss for

4  failure to state a claim, which was granted with leave to amend

5  on June 11, 2008.[5]  On July 1, 2008, Plaintiff filed his Amended

6  Complaint.  Plaintiff alleges three causes of action: (1) breach

7  of contract against Defendant Biegler; (2) fraud in the

8  inducement to enter contract against Defendant Biegler; and

9  (3) willful interference with contractual relations against

10 Defendants Tillman & Elohim.

11    Plaintiff alleges compensatory damage claims of one million

12 nine hundred thousand dollars ($1,900,000) and seven million five

13 hundred thousand dollars ($7,500,000), and a punitive damage

14 claim of fifteen million dollars ($15,000,000).  The Amended

15 Complaint alleges claims against Defendants Tillman & Elohim for

16 one million nine hundred thousand dollars ($1,900,000).

17    Defendants Tillman & Elohim now move to dismiss Plaintiff's

18 Third Cause of action pursuant to Rule 12(b)(6), and to strike

19 the permanent injunction allegations in the prayer for relief

20 pursuant to Rule 12(f).  Defendant Biegler joins this motion.

21 ///

22 ///

23 ///

24

25    [5] Plaintiff's initial Complaint alleged four causes of
   action: (1) breach of contract against Defendant Biegler;
26 (2) fraud in the inducement to enter contract against Defendant
   Biegler; (3) willful interference with contractual relations
27 against Defendants Tillman & Elohim; and (4) an injunction
   against the sale of the Emerald.  The Third and Fourth Causes of
28 Action were dismissed with leave to amend.

1                              **STANDARD**

2

3          On a motion to dismiss for failure to state a claim under

4    Rule 12(b)(6), all allegations of material fact must be accepted

5    as true and construed in the light most favorable to the

6    nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

7    337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

8    requires only "a short and plain statement of the claim showing

9    that the pleader is entitled to relief," in order to "give the

10   defendant fair notice of what the... claim is and the grounds

11   upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78

12   S. Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by

13   a Rule 12(b)(6) motion to dismiss does not need detailed factual

14   allegations, a plaintiff's obligation to provide the "grounds" of

15   his "entitlement to relief" requires more than labels and

16   conclusions, and a formulaic recitation of the elements of a

17   cause of action will not do.  <u>Bell Atl. Corp. v. Twombly</u>,

18   127 S. Ct. 1955, 1964-65 (2007) (internal citations and

19   quotations omitted).  Factual allegations must be enough to raise

20   a right to relief above the speculative level.  <u>Id</u>. at 1965

21   (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

22   § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain

23   something more... than... a statement of facts that merely

24   creates a suspicion [of] a legally cognizable right of action").

25   ///

26   ///

27   ///

28   ///

1     If the court grants a motion to dismiss a complaint, it must

2  then decide whether to grant leave to amend.  The court should

3  "freely give" leave to amend when there is no "undue delay, bad

4  faith[,] dilatory motive on the part of the movant... undue

5  prejudice to the opposing party by virtue of... the amendment,

6  [or] futility of the amendment...."  Fed. R. Civ. P. 15(a);

7  Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to

8  amend is only denied when it is clear that the deficiencies of

9  the complaint cannot be cured by amendment.  DeSoto v. Yellow

10  Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

11

12                           **ANALYSIS**

13    **1.    Willful Interference with Contractual Relations**

14

15     Defendants Tillman & Elohim challenge Plaintiff's Third

16  Cause of Action, which alleges willful interference with

17  contractual relations, pursuant to Rule 12(b)(6) on grounds that

18  Plaintiff fails to state a claim on which relief can be granted.

19  The parties do not dispute that California Law governs

20  Plaintiff's claims.  Under California law, Plaintiff's claim for

21  willful interference with contractual relations requires the

22  following allegations: (1) the existence of a valid contract

23  between Plaintiff and Defendant Biegler; (2) that Defendants

24  Tillman & Elohim have knowledge of the contract's existence;

25  (3) that Defendants Tillman & Elohim intentionally engaged in

26  acts or conduct intended to disrupt the contractual relationship;

27  (4) the actual disruption of the relationship or breach of the

28  contract; and (5) that Plaintiff suffered damages as a result.

1 | Family Home & Finance Center, Inc. v. Federal Home Loan Mortg.
2 | Corp., 525 F.3d 822, 825, 2008 WL 1959494, at *2 (9th Cir. 2008);
3 | Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118,
4 | 1126 (1990).

5 |     The California Supreme Court addressed whether allegations
6 | are sufficient to state a cause of action for willful or
7 | intentional interference with contractual relations in Quelimane
8 | Co. v. Stewart Title, 19 Cal. 4th 26 (1998).  The Court stated
9 | that intentional interference with the performance of a contract
10 | requires no allegations of independent wrongful purpose other
11 | than contract disruption.  Id. at 56.  Contracts, with their
12 | exchange of promises, are specially protected under the law, and
13 | thus "[i]ntentionally inducing or causing a breach of an existing
14 | contract is therefore a wrong in and of itself." Id. at 55-56.
15 | It is enough that defendant "knows that the interference is
16 | certain or substantially certain to occur as a result of his
17 | action."  Id. at 56.  In Quelimane, the court held the
18 | plaintiff's allegation of intentional interference with
19 | contractual relations sufficient because the plaintiff alleged
20 | that the defendant refused to issue a title insurance policy to
21 | the third party purchaser of the plaintiff's land without
22 | commencement by purchaser of a quiet title action, which resulted
23 | in the purchaser's default.  Id. at 56-57.  Further, the
24 | defendant's knowledge and disruption of the contract were both
25 | alleged impliedly from the same allegation.  Id.  The court noted
26 | that if the "factual allegations of the complaint are adequate to
27 | state a cause of action" the complaint will survive against a
28 | motion to dismiss.

1  Id. at 38 (citing Barquis v. Merchants Collection Ass'n. 7 Cal.

2  3d 94, 103 (1972)) (emphasis in original).

3      In the instant case, even if all of Plaintiff's factual

4  allegations are taken as true and construed in the light most

5  favorable to Plaintiff, Plaintiff has failed to establish

6  essential elements of the cause of action for willful

7  interference with contractual relations.

8      Plaintiff has failed to meet his pleading obligation

9  regarding Defendants Tillman & Elohim's knowledge of the

10 contract.  Plaintiff alleges that Defendant Tillman & Elohim

11 "[knew] full well and had reason to know that [P]laintiff entered

12 into an agreement with [Defendant Biegler], for [Plaintiff] to

13 sell and market the 'Bahia Emerald'...."  (Am. Compl. ¶ 19.)

14 Further, Plaintiff alleges that Defendants Tillman & Elohim

15 "learn[ed] of the existence of the Bahia Emerald and that it was

16 available for sale, solely and wholly from advertisements placed

17 on the internet by [Plaintiff]."  (Am. Compl. ¶ 20.)

18     Plaintiff's first allegation is merely a conclusory

19 recitation of a required element of this cause of action.

20 Plaintiff's second allegation may show that Defendants Tillman &

21 Elohim were aware of Plaintiff's authority to sell the Emerald,

22 which would support a reasonable inference that Defendants

23 Tillman & Elohim knew that Plaintiff had an agreement with the

24 true owner of the Emerald.  However, Plaintiff also alleges that

25 Defendant Biegler told Defendants Tillman & Elohim that Plaintiff

26 lacked the authority to sell the Emerald.  (Am. Compl. ¶¶ 10,

27 16.)

28 ///

8

1  Any reasonable inference that Defendants Tillman & Elohim had

2  knowledge of Plaintiff's contractual relationship with Defendant

3  Biegler is negated by Defendant Biegler's alleged false

4  statement.  Thus, Plaintiff's factual assertions regarding

5  Defendants Tillman & Elohim's knowledge of the contract are

6  contradictory and Plaintiff fails to state a cause of action for

7  willful interference with contractual relations.

8      Further, Plaintiff has not explained or remedied the

9  inconsistent allegations in his initial Complaint.  Again,

10 Plaintiff has failed to properly plead the "intent element" of

11 the willful interference with contractual relations cause of

12 action.  Plaintiff alleges that Defendants Tillman & Elohim

13 "wrongfully and intentionally inflict[ed] economic harm upon

14 [P]laintiff, by inducing [D]efendant Biegler not to go through

15 with the sale of the Bahia Emerald to [P]laintiff, in order to

16 deprive [P]laintiff of his property interest in the sale."

17 (Am. Compl. ¶ 21.)  This allegation conflicts with another

18 allegation in Plaintiff's Amended Complaint, which states that

19 Defendant Biegler induced Defendants Tillman & Elohim "to

20 withdraw their offer...by falsely telling [D]efendants Tillman

21 [&] Elohim that [P]laintiff had no authority to sell the 'Bahia

22 Emerald.', [sic] and did induce [D]efendants Tillman [&] Elohim

23 to form a conglomeration of investors to purchase the Bahia

24 Emerald for the sum of seventy five million ($75,000,000), in

25 violation of the agreement to sell the jewel between [P]laintiff

26 and [D]efendants [sic] Biegler."  (Am. Compl. ¶¶ 10, 16.)

27 ///

28 ///

1  Thus, Plaintiff alleges Defendant Biegler induced Defendants

2  Tillman & Elohim not to buy the Emerald from Plaintiff, and that

3  Defendants Tillman & Elohim induced Defendant Biegler not to sell

4  the Emerald to Plaintiff.  These allegations are not only

5  conflicting, they are also conclusory, and as such fail to

6  satisfy Plaintiff's pleading obligation to provide the "grounds"

7  of his "entitlement to relief".  <u>Twombly</u>, 127 S. Ct. at 1964-65.

8      Because Plaintiff has failed to properly plead essential

9  elements of the cause of action of willful interference with

10  contractual relations, he has failed to state a claim upon which

11  relief may be granted.  Further, Plaintiff has not cured the

12  defects of his initial Complaint.  Accordingly, the Motion to

13  Dismiss Plaintiff's Third Cause of Action will be granted without

14  leave to amend.

15

16      **2.    Permanent Injunction**

17

18      Defendants Tillman & Elohim move to strike the permanent

19  injunction allegations in the prayer for relief pursuant to Rule

20  12(f).  Plaintiff does not oppose the motion.[6]  Accordingly,

21  Defendants Tillman & Elohim's Motion to Strike will be granted.

22  ///

23  ///

24  ///

25  ///

26  _____

27      [6] Plaintiff states that they "inadvertently omitted to
    remove the...prayer [for] injunctive relief." (Opp'n to Mot. To
    Dismiss, 1:22-28.)  Also, that "[P]laintiff consents to omit from
28  the ad damnum clause a prayer for injunctive relief."  <u>Id</u>.

**CONCLUSION**

Defendants Tillman & Elohim's Motion to Dismiss Plaintiff's Third Cause of Action is GRANTED without leave to amend. Defendants' Motion to Strike the permanent injunction allegations from the prayer is also GRANTED.

IT IS SO ORDERED.

Dated: October 15, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11